PEOPLE *v.* BRICKER.

CRIMINAL LAW — INTOXICATING LIQUORS — DRUGGISTS — INFORMA-
TION—EVIDENCE—VARIANCE.

> Where in a prosecution of a druggist for violation of the
> liquor law (2 Comp. Laws 1915, § 7033), the information
> charged that the illegal sale was made by defendant's
> clerk, and the evidence on the trial showed that the sale
> was made by defendant personally, the variance was fatal,
> and the conviction will be set aside.

Exceptions before judgment from St. Clair; Tappan
(Harvey), J. Submitted June 17, 1920. (Docket
No. 81.) Decided December 21, 1920.

Chester E. Bricker was convicted of a violation of
the liquor law. Reversed and defendant discharged.

*Walsh & Walsh,* for appellant.

*Henry Baird,* Prosecuting Attorney, for the people.

CLARK, J. The defendant was prosecuted for an al-
leged violation of section 3, Act No. 313, Pub. Acts
1887, as amended, being section 5381, 2 Comp. Laws
1897 (2 Comp. Laws 1915, § 7033), which provides
in part:

"It shall not be lawful for any druggist, nor for
any person whose business consists in whole or in
part of the sale of drugs and medicines, directly or
indirectly, by himself, his clerk, agent or servant, at
any time, to sell, furnish, give, or deliver, any spiritu-
ous, malt, brewed, fermented or vinous liquor, or any
mixed liquors, a part of which is spirituous, malt,
brewed, fermented or vinous, to a minor, except for
medicinal or mechanical purposes, on the written order
of the parent or guardian of such minor, nor to any
adult person whatever, who is at the time intoxicated,

nor to any person in the habit of getting intoxicated." * * *

It was charged that a sale of spirituous and intoxicating liquor had been made on April 22, 1917, to a person in the habit of getting intoxicated. Defendant was convicted. No evidence was offered in his behalf. We are asked to set aside the conviction for several reasons, only one of which need be considered. The information charged that the defendant by his clerk, agent and servant sold a quart of whisky to one in the habit of getting intoxicated. The evidence of the people was that the sale had been made by the defendant personally, to which evidence counsel for defendant objected. The objection was overruled. That there was a fatal variance between pleading and proof and that there was no proof that an offense had been committed as charged and that the defendant should, therefore, be discharged, was the substance of a request to charge which was refused.

We think that under the charge as laid admission of testimony of a sale by the defendant himself was erroneous. A mode of committing this offense was charged, namely, a sale by the clerk, and proof of another mode, namely, a sale by defendant himself, was incompetent.

"If an offense be committed in either of various modes, the party charged is entitled to have that mode stated which is proved on the trial; and when one mode is stated and proof of the commission of the offense by a different mode is offered, such evidence is incompetent by reason of variance." 1 Wharton's Criminal Evidence (10th Ed.), p. 279.

"The part of the charge describing the manner of the offense must conform substantially with the evidence introduced to support it. A material variance in descriptive matter is fatal." 22 Cyc., p. 456.

"In criminal proceedings, the accused is entitled to

demand and know the nature and cause of the accusation against him. * * * Such facts must be averred that, if admitted, would constitute the offense and establish the guilt of the accused. The elements of the offense must be so stated that he can know what he is to meet and prepare for his defense. The particular transaction must be so identified that his acquittal or conviction will be a bar to a subsequent prosecution for the same offense." *People* v. *Quider,* 172 Mich., at page 285.

The request to charge should have been given. It follows that the conviction is set aside and the defendant discharged.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.